**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5109**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

TRACY BERNARD REDFEAR,

              Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:08-cr-00028-RLV-DSC-5)

Submitted: June 17, 2011              Decided: June 29, 2011

Before WILKINSON, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James E. Quander, Jr., QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tracy Bernard Redfear pled guilty in accordance with a written plea agreement to conspiracy to possess at least fifty grams of cocaine base, 21 U.S.C. § 846 (2006), and was sentenced to ninety-two months in prison. Redfear now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), challenging the sentence but stating that there are no meritorious issues for review. Redfear was advised of his right to file a pro se supplemental brief but has not filed such a brief. We affirm.

After thoroughly reviewing the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that the court fully complied with the Rule. Further, we find that Redfear knowingly and voluntarily entered his guilty plea and that there was a factual basis for the plea.

According to the presentence investigation report (PSR), Redfear was responsible for at least fifty but less than 150 grams of cocaine base, for a base offense level of 30. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(5) (2009). Two levels were added for firearm possession. See USSG § 2D1.1(b)(1). Three levels were subtracted for acceptance of responsibility. See USSG § 3E1.1(a). Redfear's total offense level was 29, his criminal history category was IV, and his advisory Guidelines range was 121-151 months. However, because

2

Redfear was statutorily subject to a minimum of twenty years in prison, his Guidelines range became 240 months. See USSG § 5G1.1(b).

The district court overruled Redfear's objections to the PSR. The court first found that a preponderance of the evidence established that Redfear was responsible for a quantity of drugs as described in the PSR. The court then determined, based on the discovery of weapons in a motel room occupied by Redfear and other conspirators, that the firearm enhancement was warranted.

The Government moved for a downward departure pursuant to 18 U.S.C. § 3553(e) (2006) and USSG § 5K1.1. In support of the motion, the Government informed the court that Redfear had been cooperative and truthful and had testified at the trial of a coconspirator. Additionally, the Government stated that Redfear's criminal behavior stemmed largely from his addiction to crack cocaine and that Redfear, "a lower level player" in the conspiracy, had never profited substantially from his involvement in the drug trade. The Government suggested that the court impose a 120-month sentence.

Defense counsel urged the court to impose a sixty-month sentence. In support of this request, counsel noted Redfear's drug addiction, his commendable work history and his having met his commitments to his family.

The district court adopted the PSR. After stating that Redfear's Guidelines range was 240 months, the court granted the motion for downward departure, departed to offense level 26, criminal history category IV, and imposed a ninety-two-month sentence. In imposing sentence, the court referred to 18 U.S.C. § 3553(a) (2006) and commented that Redfear's assistance was "extensive, significant, truthful, and timely." The court also mentioned Redfear's drug addiction, his minor role in the conspiracy, and his family and community support.

We conclude that the sentence is procedurally and substantively reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007). The court properly calculated Redfear's Guidelines range, considered the § 3553(a) factors, and sufficiently explained the variant sentence. See id.; United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008).

After reviewing the entire record in accordance with Anders, we conclude that there are no meritorious issues for appeal. We therefore affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served

4

on his client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
